```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SHAFI ALAM,                           :

   Plaintiff,                         :

V.                                    :    CASE NO. 3:10-CV-716(RNC)

CERTAIN UNDERWRITERS AT               :
LLOYD'S LONDON,
                                      :
   Defendants.

RULING AND ORDER

Plaintiff Shafi Alam brings this action against defendants Certain Underwriters at Lloyd's London claiming that they improperly refused to pay a claim. The complaint alleges that the defendants have breached the insurance contract and also violated the Connecticut Unfair Trade Practices Act ("CUTPA") CONN. GEN. STAT. §§ 42-110a, *et seq.*[1] Defendants have moved for summary judgment on both claims arguing that the claims are contractually time-barred and that the CUTPA claim fails to state a claim upon which relief may be granted. No opposition to the motion has been filed. For the reasons that follow, the motion is granted.

I.   Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to

---

[1] The CUTPA claim is based on an alleged violation of the Connecticut Unfair Insurance Practices Act, CONN. GEN. STAT. §§ 48a-115, *et seq*.

judgment as a matter of law.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  When a plaintiff fails to respond to a motion for summary judgment, the court must still assess whether the moving party has met its burden of demonstrating its entitlement to judgment as a matter of law.  <u>See</u> <u>Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u> 373 F.3d 241, 244 (2d Cir. 2004).

II. <u>Facts</u>

The record establishes the following facts.[2]  On August 8, 2007, the plaintiff completed an application to insure certain commercial premises with Connecticut Casualty Company.  In the application, he claimed that the premises had no loss history.  Based on this application, the defendants issued an insurance policy on the property.  The policy covered the period August 9, 2007 to November 9, 2007.  The policy required the plaintiff to secure the premises against unlawful entry.  The policy also required that any lawsuit based on a denial of coverage be "brought within 2 years after the date on which the direct physical loss or damage occurred."

On August 25, 2007, the insured property was severely damaged by fire after an intruder set fire to a couch in the basement.  The plaintiff filed a claim under the policy two days

---

[2] Under the rules governing summary judgment practice in this Court, all material facts asserted by the defendants are deemed admitted because they are supported by evidence and have not been controverted.  See D. Conn. L. Civ. R. 56(a)(1).

later.  Defendants investigated the claim and denied it for several reasons, including the plaintiff's failure to disclose a prior vandalism claim when he applied for the policy and his failure to secure the premises as required by the policy.

Plaintiff received a written denial of coverage from the defendants dated December 11, 2008.  He disputed the denial and promised to provide additional information but failed to do so.  On April 6, 2009, the defendants wrote to the plaintiff stating that they were maintaining their denial of the claim.

On September 21, 2009, plaintiff commenced an action in state court against Connecticut Casualty.  On January 28, 2010, the current defendants were added as parties to the action.  On March 5, 2010, they were served with the complaint, and on March 30, 2010, the complaint was amended to make allegations against them.  On April 14, 2010, the plaintiff withdrew his claims against Connecticut Casualty.  The defendants then removed the action to this Court.

In October 2010, the defendants filed the present motion seeking summary judgment.  The parties subsequently reported that they had reached an agreement in principle to resolve the case and they were given time to finalize a settlement.  In April 2011, the defendants filed a motion requesting that the Court rule on the motion for summary judgment.  In support of the request, the defendants stated that they had repeatedly sought a

response from plaintiff's counsel on the status of the settlement agreement and received no response.  To date, the plaintiff has not submitted papers in opposition to the motion for summary judgment or requested more time to do so.

III. <u>Discussion</u>

A.   Breach of Contract

The defendants contend that the plaintiff's claim for breach of contract is barred by his failure to commence this action within the time permitted by the policy.  I agree.  Connecticut law permits an insurance policy to limit the period within which the insured must file a lawsuit as long as the insured is given at least one year "from the time when the loss insured against occurs."  CONN. GEN. STAT. § 38a-290; <u>see</u> <u>also</u> <u>Monteiro v. American Home Assur. Co.</u>, 416 A.2d 1189, 1190 (Conn. 1979).  Under the policy issued to the plaintiff, his challenge to the defendants' denial of coverage had to be brought within two years of the date of the fire.  The fire occurred on August 25, 2007; suit was not filed until September 21, 2009, more than two years later.  Summary judgment on this claim is therefore granted.

B.   CUTPA

Defendants urge that plaintiff's CUTPA claim is also time-barred by the policy.  There is no need to decide this issue because the claim fails in any event.  To state a claim for relief under CUTPA, the plaintiff must allege conduct by the

defendants that: (1) "offend[ed] public policy as it has been established by statutes, the common law, or otherwise," (2) was "immoral, unethical, or unscrupulous," and (3) "cause[d] serious injury to consumers, competitors, or other businessmen."  See <u>A-G Foods, Inc.</u>, 579 A.2d at 76-77 (citations omitted).  The complaint does not allege conduct of this sort.  At most, it alleges a breach of contract, which is insufficient.  See <u>Boulevard Assocs. v. Sovereign Hotels, Inc.</u>, 72 F.3d 1029, 1038-39 (2d Cir. 1995).

IV.  <u>Conclusion</u>

Accordingly, the motion for summary judgment (doc. 16) is hereby granted.  The Clerk may close the file.

So ordered this 30th day of September 2011.


                                    /s/ RNC
                              Robert N. Chatigny
                           United States District Judge